People v Fate (2021 NY Slip Op 06188)





People v Fate


2021 NY Slip Op 06188


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2019-13174
 (Ind. No. 811/18)

[*1]The People of the State of New York, respondent,
v
Forest Fate, appellant.


Richard L. Herzfeld, New York, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered October 15, 2019, convicting him of attempted criminal possession of a weapon in the second degree and operating a motor vehicle while under the influence of drugs, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 3 years, to be followed by a period of postrelease supervision of 3 years, on the conviction of attempted criminal possession of a weapon in the second degree, and an indeterminate term of imprisonment of 1 to 3 years on the conviction of operating a motor vehicle while under the influence of drugs, to be served consecutively to each other, and consecutively to sentences imposed upon the defendant in Rockland County for his convictions on unrelated offenses.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision directing that the sentence run consecutively to the sentences imposed upon the defendant's convictions in Rockland County; as so modified, the judgment is affirmed.
The defendant entered a plea of guilty in the County Court, Orange County, to attempted criminal possession of a weapon in the second degree and operating a motor vehicle while under the influence of drugs. The defendant contends that he should be granted an opportunity to withdraw his plea of guilty because the County Court at sentencing directed that the sentence imposed herein was to run consecutively to the sentences imposed upon the defendant in Rockland County for his convictions on unrelated offenses.
Under the circumstances of this case, the defendant's waiver of his right to appeal did not encompass the County Court's decision under Penal Law § 70.25(1) to direct that the sentence would run consecutively to the sentences imposed in Rockland County (see People v Maracle, 19 NY3d 925; People v Jackson, 166 AD3d 649). Further, under the circumstances of this case, the directive that the sentence would run consecutively to the sentences imposed in Rockland County was an improvident exercise of discretion. Accordingly, we modify the judgment to delete that provision.
In light of our determination, we need not reach the defendant's contention that he [*2]should be granted an opportunity to withdraw his plea of guilty.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court